**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 20-1635 and 20-1872
_____


PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE GROUP

v.

NEW ENGLAND REINSURANCE CORPORATION; HARTFORD FIRE
INSURANCE COMPANY;

EVEREST REINSURANCE COMPANY
(Intervenor in District Court)

Pennsylvania National Mutual Casualty Insurance Group,
Appellant in No. 20-1635
Everest Reinsurance Company,
Appellant in No. 20-1872


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-18-mc-00278)
District Judge: Honorable John E. Jones, III
_____

Submitted Under Third Circuit L.A.R. 34.1(a):
December 11, 2020
_____

Before: MCKEE, PORTER, and FISHER,
*Circuit Judges*.

(Filed: December 24, 2020)

_____

OPINION[*]
_____

PORTER, *Circuit Judge*.

Pennsylvania National Mutual Casualty Insurance Company ("Penn National") filed an arbitration award with the District Court under seal. Everest Reinsurance Company seeks to unseal that award pursuant to the common-law right of access. The District Court ordered the award unsealed because the award constituted a judicial record to which the common-law right of access applied, and Penn National did not articulate a clear and serious injury that would result from the unsealing of the award. We will affirm the judgment of the District Court.

**I**

Penn National entered arbitration with two of its reinsurance companies over a contractual dispute. The issue in the arbitration was whether Penn National was entitled to proceeds based on insurance claims it made to the reinsurers. The arbitration panel issued an award to Penn National. Penn National petitioned the District Court to confirm the award in order to reduce the award to a judgment, as required by federal law. *See* 9 U.S.C. § 9. As part of the confirmation process, Penn National filed the award with the District Court. 9 U.S.C. § 13. One day after Penn National filed the award, the District Court granted Penn National's request to seal it. Before the reinsurers responded to Penn

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

National's petition to confirm, the parties settled, and Penn National sent a letter to the District Court withdrawing its petition to confirm. Thus, the District Court took no action on the petition to confirm.

Afterwards, Everest, another one of Penn National's reinsurers not subject to the arbitration proceeding, moved to intervene and unseal the award. Everest sought to unseal the award under the common-law right of access. The District Court denied Everest's motion after using the "*Pansy* factors"—used to determine whether to modify a confidentiality order issued under Federal Rule of Civil Procedure 26(c). We reversed the District Court's order and instructed it to apply the common-law-right-of-access analysis to determine whether to unseal the award. *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. New England Reinsurance Corp.*, 794 F. App'x 213, 215–16 (3d Cir. Dec. 6, 2019). On remand, the District Court applied the common-law-right-of-access analysis and granted Everest's motion to unseal the award, but stayed its order pending appeal.

## II[1]

"[A] common law right of access attaches 'to judicial proceedings and records.'" *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)). The common-law right of access permits members of the public to access documents in a judicial proceeding. *Id.* To determine if the common-law right of access applies to a document, a court must first

---

[1] The District Court had subject-matter jurisdiction to determine whether to unseal the award under 28 U.S.C. § 1331. *See N. Jersey Media Grp. Inc. v. United States*, 836 F.3d 421, 428 n.8 (3d Cir. 2016). We have appellate jurisdiction under 28 U.S.C. § 1291.

determine if the document is a "judicial record." *Id.* If the document is a judicial record, a court must presume the common-law right of access attaches. *Id.* A party opposing access to the judicial record can overcome the presumption by articulating a "clearly defined and serious injury" that would result from the disclosure of the document. *Id.* (internal quotation marks omitted) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). The court must then determine if the harm from the articulated injury outweighs the presumption of access. *See id.*

We review a district court's conclusion of law de novo. *Avandia*, 924 F.3d at 674 n.8. We review a district court's decision on whether to unseal a document under the common-law right of access for abuse of discretion. *Id.*

**A**

Penn National first argues that the arbitration award is not a judicial record to which the common-law right of access applies. Subject to several exceptions mentioned below, "the *filing* of a document gives rise to a presumptive right of public access," thus making the document a judicial record. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 782 (3d Cir. 1994) (internal quotation marks omitted) (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161–62 (3d Cir. 1993)).

Penn National claims that a different test applies for determining when a document becomes a judicial record. Penn National points to *North Jersey Media Group, Inc.*, 836 F.3d 421 (3d Cir. 2016), where we quoted language from *Pansy* and stated, "[T]he issue of whether a document is a judicial record should turn on the use the court has made of it rather than on whether it has found its way into the clerk's file." *Id.* at 435 (alteration in

4

original) (internal quotation marks omitted) (quoting *Pansy*, 23 F.3d at 783). Use of this language in *North Jersey Media* was dictum: the plaintiffs in that case sought discovery materials, a category of judicial filings that "are generally not 'judicial records' and do not fall within the common law right of access." *Id.*

Furthermore, the quoted language from *Pansy* does not reference *our* test. That language references the test used by the First Circuit. Under this test, the common-law right of access depended on the "use" made of the document rather than whether the document "found its way into the clerk's file." *Pansy*, 23 F.3d at 783 (explaining test from *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404 (1st Cir. 1987)). We rejected this test. *See id.* Thus, if the document *does* make its way into the clerk's file, then the common-law right of access ordinarily attaches. *See id.* Finally, in another portion of the *Pansy* opinion, we discussed the more functional "use" test for settlement agreements. *See id.* at 781. Settlement agreements, like discovery materials, are a category of documents "ordinarily inaccessible to the public," and we do not read *Pansy*'s recognition of a "use" test for anything else but settlement agreements. *Leucadia, Inc.*, 998 F.2d at 164.

Penn National filed the arbitration award on the docket with the District Court as part of its motion to confirm the award. Thus, according to our precedents, the award became a judicial record subject to the common-law right of access.

**B**

Penn National next argues that the District Court erred in holding that it did not demonstrate a specific harm sufficient to overcome the presumption of public access. To

demonstrate a "clearly defined and serious injury" sufficient to overcome the presumption of access, Penn National submitted an affidavit in which one of its officers asserted that other reinsurers might choose to forego paying Penn National and contest their contractual obligation to pay if they learned of the contents in the arbitration award. The District Court did not abuse its discretion in asserting that no "clearly defined" injury existed as stated in the affidavit because it could not "determine how many possible relationships could be impacted, the amount of money that could be at stake, the types of actions other parties may pursue, or the likelihood that any such actions would be successful." App. 15.[2]

* * *

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[2] Everest filed a cross appeal seeking to reverse the District Court's order staying its order to unseal the award pending appeal. That appeal is moot since we have affirmed the District Court's judgment to unseal the award.

6